IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IMANUEL BASSIL ALI, BS-0997,        )
    Plaintiff,                              )
                                               )
    v.                                        )   Civil Action No. 06-96
                                               )
JOHN MCANANY et al.,[1]                )
    Defendants.                          )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion for Summary Judgment submitted on behalf of defendant Helverding (Docket No.41) be denied.

II. Report:

Presently before the Court for disposition is a motion for summary judgment submitted on behalf of defendant Helverding.

> [Imanuel Bassil] Ali an inmate at the State Correctional Institution at Greene ... filed suit under 42 U.S.C. § 1983 alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution. The defendants named in his original and amended complaints are prison nurses Tammy Hoffman and Denise Helverding, Nurse Supervisor John McAnany, Corrections Officers Lt. Hanwood and Capt. Hall, Grievance coordinator Sharon D'Eletto and Superintendent L.S. Folio. In January 2004, while incarcerated at ... Greene, Ali was ordered to undergo a blood extraction procedure for the purpose of providing the Commonwealth with a DNA sample. He alleges that difficulties arose during the course of his procedure because he is afflicted with a medical condition known as rolling veins. Accordingly to Ali, Hoffman made two attempts to draw

---

[1] As will be discussed be discussed below, the only remaining defendant is Denise Helverding.

1

blood by puncturing Ali's right arm and left hand with a hypodermic needle. After these attempts failed, Hoffman allegedly recommended the use of an oral swab to obtain a DNA sample and stated to those present that no further attempts should be made to draw blood. McAnany allegedly disregarded Hoffman's advice and tried two more times to draw blood. The second attempt was successful. As a result of the repeated attempts to draw blood, Ali claims that he suffered from severe pain and that visible injuries developed in the area of his puncture wounds. He claims that McAnany violated the Eight Amendment's prohibition against cruel and unusual punishment and that Hoffman, Lt. Hanwood and Capt. Hall also violated the Eighth Amendment by failing to intervene on Ali's behalf during the procedure. He also asserts an Eighth Amendment claim against Helverding for failing to process his sick call request slips, and against D'Eletto and Folio for not appropriately responding to his grievances regarding the medical care he was receiving for his injuries.[2]

On May 17, 2006, we recommended that the motion to dismiss the complaint filed on behalf of all defendants be granted, and on June 12, 2006, that recommendation was adopted as the Opinion of the Court. A timely notice of appeal was filed and on January 25, 2008, the United States Court of Appeals for the Third Circuit affirmed in part, reversed in part and remanded for further proceedings. In doing so, the Court of Appeals affirmed in all respects except for the Eight Amendment claim against defendant Helverding.

In reaching its conclusion, the Court of Appeals observed:

A prison official violates the Eighth Amendment by denying or delaying reasonable requests by an inmate for medical treatment, provided the challenged conduct constitutes deliberate indifference to serious medical needs ... The allegations in the amended complaint indicate that Ali was suffering from a serious medical need at the time he presented the sick call slips to Helverding... the allegations also suggest that Helverding deliberately and arbitrarily refused to process Ali's requests for medical attention... [3]

Denise Helverding, the remaining defendant now moves for summary judgment.

---

[2] Ali v. McAnany, 2008 WL 203377*1 (C.A.3 (Pa.))

[3] Id. at*2.

2

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Marten v. Godwin, 499 F.3d 290 (3d Cir.2007).

The Eight Amendment ban on cruel and unusual punishment applies to medical treatment rendered to prisoners. In order to prevail on his claim, the plaintiff must demonstrate that the defendant exhibited deliberate indifference to a serious medical need of the his thereby exposing him to an excessive health risk Nicini v. Morra, 212 F.3d 798 (3d Cir.2000). Claims of negligence or even medical malpractice without some more culpable state of mind do not rise to this level. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). For purpose of the present motion, the defendant is willing to concede that the plaintiff's condition was serious and moves forward to the issue of whether or not the defendant was deliberately indifferent to his medical needs.[4]

In supporting her motion, Helverding has provided a copy of the plaintiff's prison medical records which disclose that on January 22, 2004, the plaintiff was removed from his cell for the purpose of drawing a blood sample; that it required four punctures to complete the extraction; that later the same day, the plaintiff requested a snack pack for his trip to Philadelphia; that on January 23, 2004, the plaintiff refused sick call; that he was seen on January 27, 2004 for treatment of his arm injury; that he was again treated on January 28, 2004 for the same injury and that he received further treatment on January 30, 2004 and February 3, 2004.[5]

---

[4] See: Defendant's brief in support of the motion at pp.6-7.

[5] See: Exhibit 1 to the defendant's motion.

The plaintiff likewise relies on the same documentation.[6]

However, in his declaration in opposition to the motion, the plaintiff alleges that when he sought medical treatment later on January 22, 2004, he was told that if he desired to secure treatment for the injuries sustained as result of the blood draw, he should file a separate medical request; that on January 23, 2004, he did not refuse sick call but that his request had been ignored due to his refusal to sign in his committed name which the plaintiff represents is not true; that he informed the presiding officer at his January 26, 2004 disciplinary hearing of his need for medical attention and that he did not receive adequate medical attention until January 27, 2004.[7] Thus, the plaintiff appears to be alleging here that the medical records are either inaccurate or incomplete.

To require more than the plaintiff's declaration would in essence require him to prove a negative. Rather, it would appear that the issue of whether or not the defendant was deliberately indifferent to a serious medical need of the plaintiff's is a material factual issue which cannot be resolved on the basis of the present record, and as such one to be resolved by the fact-finder thereby precluding summary judgment. See: Biener, supra.

Accordingly, it is recommended that the defendant's motion for summary judgment be denied.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely

---

[6] See: Plaintiff's declaration in opposition to the motion for summary judgment.

[7] Id.

objections may constitute a waiver of any appellate rights.

                                                                    Respectfully submitted,

Entered: August 15, 2008                          s/Robert C. Mitchell,
                                                         United States Magistrate Judge