IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IMANUEL BASSIL ALI,  )
  )
   Plaintiff,  )
  )
vs.  )  Civil Action No. 6-96
  )
DENISE HALVERDING,  )
  )
   Defendant.  )

AMBROSE, Chief District Judge

# MEMORANDUM ORDER OF COURT

This case is scheduled to go to trial on March 16, 2009. Each party has a motion *in limine* pending before the court. (Doc. Nos. 56 and 57). I will address each in turn.

Defendant's Motion *in Limine* (Doc. No. 56) requests that Plaintiff be prohibited from calling inmate Anthony Washington, CH-6937, inmate John Doe, and inmate John Doe. *Id.* at ¶5. Plaintiff's response to the same was due on or before January 30, 2009. (Doc. No. 54). Plaintiff, however, did not respond to the same by January 30, 2009. As a result, this court informed him again that he needs to respond to the Motion. Time is of the essence. It now being February 10, 2009, and having heard no response from Plaintiff, this court must rule on Defendant's motion without the benefit of a response from Plaintiff.

Plaintiff's Pre-Trial Statement merely states that each witness will testify regarding "their own individual account of the violative events relating to Defendant Halverding." (Doc. No. 54, p. 5). There does not seem to be any allegation that the witnesses actually witnessed any of the conduct by Defendant or any events surrounding the events in question. Testimony not relating to the events in question, and in particular, to the medical treatment received or not received by Plaintiff is irrelevant. Consequently, Defendant's Motion *in Limine* (Doc. No. 56) is granted.

Plaintiff filed a Motion *in Limine* titled "Plaintiff's Motion in Lemine (sic) with Consolidated Alternative Request to Call Non-Institutional Witness." (Doc. No. 57). Therein, Plaintiff seeks to prohibit Defendant from calling Nurse Supervisor John McAnany, the nurse who successfully drew blood from Plaintiff on January 22, 2004. *Id.* at ¶¶7-8. Plaintiff argues that Mr. McAnany's testimony that Plaintiff did not complain during the blood draw and did not appear to be injured at the time is irrelevant because it only relates to his "demeanor, and has no relevance on the material facts in dispute...." *Id.* at ¶7. Additionally, Plaintiff argues that the testimony is unfairly prejudicial. *Id.* at ¶8. According to Defendant's pre-trial statement, Mr. McAnany's testimony is relevant to witness testimony of Plaintiff's medical condition at the time of the blood draw and immediately thereafter. (Doc. No. 57, p. 3, ¶ 4). A prison official violates the Eighth Amendment by denying or delaying reasonable requests by an inmate for medical treatment, provided the challenged conduct constitutes deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987). I find that the testimony of Mr. McAnany is relevant to show Plaintiff's medical condition at the time of and immediately after his blood draw. Furthermore, I do not find this evidence to be unfairly prejudicial. Therefore, Plaintiff's Motion *in Limine* (Doc. No. 57) is denied as it relates to John McAnany.

Plaintiff additionally seeks to call "non-institutional witness" Tammy Hoffman. (Doc. No. 57, ¶¶9-10). Plaintiff argues that her testimony will relate to her attempts to persuade those present to substitute an oral swab for a blood draw due to Plaintiff's "rolling veins." *Id.* at ¶10. In response, Defendant argues that the method of obtaining a sample is irrelevant to Plaintiff's claim of failing to provide medical treatment after the blood draw was performed. While the method may be irrelevant, Ms. Hoffman's testimony, like Mr. McAnany's testimony would be relevant to show Plaintiff's medical condition at the time of and immediately after his blood draw if she was still present during the same. Therefore, Plaintiff's Motion *in Limine* to call Tammy Hoffman (Doc. No.

57) is granted.

In sum, Defendant's Motion *in Limine* (Doc. No. 56) is granted and Plaintiff's Motion *in Limine* (Doc. No. 57) is denied as it relates to John McAnany and granted as it relates to Tammy Hoffman.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

Dated: February 10, 2009